ROBERT A. FORD,[1] Petitioner Below-Appellant,
v.
DIVISION OF CHILD SUPPORT ENFORCEMENT (DCSE) and LINDA N. PARKER, Respondents Below-Appellees.
No. 396, 2009.
Supreme Court of Delaware.
Submitted: November 5, 2009.
Decided: December 8, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY duPONT RIDGELY, Justice.
This 8th day of December 2009, upon consideration of the appellant's opening brief and the motion to affirm filed pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The petitioner-appellant, Robert A. Ford ("Father"), filed an appeal from the Family Court's June 8, 2009 order accepting in its entirety the Family Court Commissioner's order dated January 22, 2009, which increased Father's child support obligation on behalf of the minor child of Father and the respondent-appellee, Linda N. Parker ("Mother").[2] The Division of Child Support Enforcement ("DCSE") has moved to affirm the Family Court's order on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[3] We agree and affirm.
(2) The record reflects that, on January 22, 2009, Father and Mother appeared before the Family Court Commissioner for a hearing on the petition of DCSE for modification of Father's child support obligation with respect to the parties' minor child, Thomas, born 12/09/93. Father and Mother both testified at the hearing. Neither was represented by counsel. Counsel appeared on behalf of DCSE. The last Family Court order regarding Father's child support obligation, issued on October 15, 2001, had been issued more than two and a half years previously and, therefore, was ripe for judicial review.[4] Counsel for DCSE requested that any modification order be made effective as of December 1, 2008, the date of the parties' previous mediation in the Family Court.
(3) Father, who lives in Atlantic City, New Jersey, is forty-five years old with a master's degree in school administration. He has two children in addition to Thomasa grown son and an infant son. Father testified that he is not currently employed because, in December 2008, he resigned from his position as an assistant principal at a charter school in New Jersey. He did not have any documentation concerning his resignation or any pay stubs with him in the courtroom, but confirmed that, at the time of his resignation, he was earning approximately $60,000 a year. Father further testified that, between February and May 2008, he worked as an assistant principal at a New Jersey middle school from which he also resigned. Although, again, he did not have the relevant pay stubs with him at the hearing, Father testified that his rate of pay at the middle school was approximately the same as it was at the charter school. Finally, Father testified that, during 2008, he also worked as an adjunct professor at a community college in New Jersey. Although Father had no information on his rate of pay, the Commissioner admitted into evidence copies of records from the New Jersey Department of Labor reflecting that Father earned at least $8,000 as an adjunct professor during 2008. Father testified that he has not been asked to return to that job.
(4) Mother, who lives in Felton, Delaware, testified that she has two children in addition to Thomas, ages eight and twelve, both of whom live with her. As reflected in her pay stubs, Mother is employed part-time and is paid $10.20 an hour. Father argued that, because he is not currently employed, his child support obligation should not be increased until he is again able to find work. Father testified that, although he is currently taking graduate classes in his field, he also has been aggressively seeking employment. Under questioning by the Commissioner, Father agreed that he incorrectly told the mediator he was earning $40,000 as a school administrator and that he actually was earning approximately $60,000 at the time of the mediation. Based upon the testimony and documentation submitted at the hearing, the Commissioner ordered Father to pay $749.00 per month in current child support and $26.00 per month in retroactive support, effective as of December 1, 2008, the date of the parties' mediation.
(5) In this appeal, Father claims that the Commissioner abused his discretion by modifying his child support obligation. Father contends that the Commissioner improperly refused to consider evidence from Father's former employers concerning his income and failed to consider a federal tax credit received by Mother in calculating his support obligation. Although Father does not explicitly so state, he, in essence, claims that the Family Court erred and/or abused its discretion when it accepted the Commissioner's order requiring him to pay an increased amount of child support.[5]
(6) A party may seek review of a Family Court Commissioner's order by filing and serving written objections to such order within 30 days of the date of the order.[6] A Family Court judge will undertake a de novo review of those portions of the order to which the party has made objection and will decide whether to accept, reject, or modify in whole or in part the Commissioner's order.[7] This Court's review of appeals from the Family Court extends to a review of the facts and the law as well as to the inferences and deductions made by the judge.[8] This Court will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[9] If the Family Court has correctly applied the law, the standard of review is abuse of discretion.[10] Errors of law are reviewed de novo.[11]
(7) We have reviewed the record in this case carefully and find no error or abuse of discretion on the part of the Family Court in accepting the Commissioner's order modifying Father's child support obligation. Moreover, the evidence presented at the hearing supports the Commissioner's finding that Father's present unemployment is the result of voluntary action on his part. As such, his 2008 income was correctly imputed to him in the calculation.[12] Finally, the record reflects that Father either was, or should have been, aware that he was required to bring to the hearing the relevant documentation regarding his income. Father may not now complain that the Commissioner failed to take that documentation into consideration when calculating his child support obligation.
(8) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the DCSE's motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court sua sponte assigned pseudonyms to the parties by Order dated July 10, 2009. Supr. Ct. R. 7(d).
[2] The record before us in this appeal reflects that Father also has filed at least one petition for modification of his support obligation in the Family Court since the issuance of the Family Court's June 8, 2009 order.
[3] Supr. Ct. R. 25(a).
[4] Fam. Ct. Civ. Proc. R. 508.
[5] To the extent that Father asserts claims that were not raised in the Family Court in the first instance, we decline to address those claims for the first time in this appeal. Supr. Ct. R. 8. To the extent that Father fails to assert claims that were previously raised in the Family Court, those claims are deemed to be waived and will not be addressed in this appeal. Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993).
[6] Del. Code Ann. tit. 10, §915(d)(1); Fam. Ct. Civ. Proc. R. 53.1.
[7] Id.
[8] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[9] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[10] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[11] In re Heller, 669 A.2d 25, 29 (Del. 1995).
[12] Fisher v. Marshall, Del. Supr., No. 272, 1997, Walsh, J. (Apr. 22, 1998).